UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES GASPARD (#579511)** | CIVIL ACTION |
| VERSUS | |
| **UNKNOWN FIRST DEFENDANT, ET AL.** | NO. 19-00478-BAJ-EWD |

## RULING AND ORDER

Before the Court is Plaintiff's *pro se* **Motion to Disqualify; Motion for Temporary Restraining Orders Motion for Preliminary Injunctions; Motion for Leave to Amend Amended Complaint or Supplement; and Motion for Leave to Amend Consolidated Motion, (Doc. 31)**, which the Court interprets as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). The Motion shall be denied.

Plaintiff, a prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed this civil action on July 22, 2019. (Doc. 1). On March 13, 2020, the Court issued its Ruling and Order dismissing Plaintiff's action with prejudice pursuant to 28 U.S.C. §§ 1915(e) and 1915A. (Doc. 26). On May 6, 2020, the Court entered its Judgment. (Doc. 28). Plaintiff now seeks to re-open this case and have the Court reconsider his claims.

Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has

effectively been overturned, or (6) any other reason that justifies such relief. Plaintiff has not provided any factual assertions to support the applicability of any of the first five subsections of Rule 60(b).

Further, Plaintiff's Motion fares no better to the extent it seeks relief under the catch-all provision of Rule 60(b)(6). This provision allows the Court to vacate a judgment for "any other reason that justifies such relief" and provides a residual clause intended for unforeseen contingencies and to accomplish justice in exceptional circumstances. *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007). The relief afforded by Rule 60(b)(6) is extraordinary, and requires that the moving party make a showing of extraordinary circumstances. *Hess v. Cockrell*, 281 F.3d 212, 216, (5th Cir. 2002). Plaintiff has made no showing of unusual or unique circumstances to support the application of Rule 60(b)(6). As stated in Magistrate Judge's Report and Recommendation underlying the Court's dismissal order, Plaintiff has failed to state any cognizable federal claim. (*See* Doc. 24).[1]

---

[1] To the extent Plaintiff requests recusal of all district court judges and two of this court's magistrate judges, the request is unfounded. Two statutes govern recusal motions: 28 U.S.C. § 144 and 28 U.S.C. § 455. *K & F Holdings, Ltd. v. Rouse's Enterprises, L.L.C.*, No. 16-293, 2017 WL 2778345, at *1 (M.D. La. June 27, 2017). Plaintiff has not met the procedural requirements of section 144 because he has not submitted an affidavit stating that his request "is made in good faith."

Further, recusal under section 455 is not warranted. The standard for recusal is an objective one, and Plaintiff must demonstrate that a reasonable and objective person, knowing all the facts and circumstances of the case, would harbor doubts concerning the Court's impartiality. *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003). This showing must be based on specific facts so as to avoid giving a party a "random veto over the assignment of judges." *Capizzo v. State*, No. 99-138, 1999 WL 539439, at * 1 (E.D. La. July 22, 1999). Plaintiff's basis for recusal asserts an unfounded conspiracy theory. Accordingly, to the extent that this Motion seeks recusal, it is without merit.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Disqualify; Motion for Temporary Restraining Orders Motion for Preliminary Injunctions; Motion for Leave to Amend Amended Complaint or Supplement; and Motion for Leave to Amend Consolidated Motion, (Doc. 31)** be and is hereby **DENIED.**

Baton Rouge, Louisiana, this 26th day of January, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**